UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HEIDI NOEL KELLER,

                    Plaintiff,

          v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                    Defendant.

CASE NO. C15-05266 BHS

ORDER AFFIRMING DENIAL
OF BENEFITS

## I. BASIC DATA

Type of Benefits Sought:

      (X) Disability Insurance

      (  ) Supplemental Security Income

Plaintiff's:

      Sex: Female

      Age: 25 at alleged onset date

Principal Disabilities Alleged by Plaintiff: Lumbar fusion (back problems), depression,
spinal cord problem, muscle spasms, anxiety.

Disability Allegedly Began: May 5, 2005

Principal Previous Work Experience: Dialysis Tech, CNA/Phlebotomist, Customer Service Associate, Pizza Maker.

Education Level Achieved by Plaintiff: At least high school.

## II. PROCEDURAL HISTORY—ADMINISTRATIVE

Before ALJ Rebekah Ross:

Date of Hearing: July 19, 2013,[1] hearing transcript AR 65–96.

Date of Decision: July 31, 2013

Appears in Record at: AR 25–47

Summary of Decision:

> The claimant meets the insured status requirements of the Social Security Act through December 31, 2010.  The claimant has not engaged in substantial gainful activity since May 5, 2005, the alleged onset date.  The claimant has the following severe impairments: failed back syndrome status post fusion; obesity; tobacco use disorder; and depression.  Her impairments, even in combination, do not qualify under the Listings.

> The claimant has the residual functional capacity to perform light work.  She needed a sit and stand option with changes in position ever 30 minutes.  She could occasionally stoop, kneel, crouch, and crawl.  She could never climb ladders, ropes or scaffolds.  She needed to avoid concentrated exposure to vibrations and hazards such as machinery and heights.  She was limited to unskilled work with simple repetitive tasks.  She would have been off task five percent of the workday.  She needed one sick day per month.

> The claimant cannot perform any of her past relevant work.  Considering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a

---

[1] A hearing was scheduled for January 7, 2013, but it was postponed in order for Keller to obtain counsel.  AR 49–64.

successful adjustment to other work that exists in significant numbers in the national economy. A finding of "not disabled" is therefore appropriate.

Before Appeals Council:

Date of Decision: March 17, 2015

Appears in Record at: AR 1–6

Summary of Decision: Declined review

## III. PROCEDURAL HISTORY—THIS COURT

Jurisdiction based upon: 42 U.S.C. § 405(g)

Brief on Merits Submitted by (X) Claimant   (X) Commissioner

## IV. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's denial of Social Security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). "Where the evidence is susceptible to more than one

rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id.*

## V. EVALUATING DISABILITY

The claimant, Heidi Keller ("Keller"), bears the burden of proving she is disabled within the meaning of the Social Security Act ("Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(3)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. § 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098–99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). At step five, the burden shifts to the Commissioner. *Id.*

## VI. ISSUES ON APPEAL

1. Did the ALJ err in assessing Dr. Gritzka's opinion?

2. Did the ALJ err in assessing Dr. Southwell's opinions?

3. Did the ALJ err in assessing lay evidence?

1    4.    Did the ALJ err in assessing claimant's credibility?

2    5.    Did the ALJ err in determining claimant's residual functional capacity?

3    **VII. DISCUSSION**

4    Keller appeals the Commissioner's decision denying her disability benefits,

5    arguing the ALJ committed several errors requiring reversal.  Dkt. 15.  The Court

6    addresses each alleged error in turn.

7    **A.    Dr. Gritzka's Opinion**

8    Keller first challenges the ALJ's evaluation of Dr. Gritzka's opinion.  *Id.* at 4–7.

9    Dr. Gritzka reviewed the medical record and performed an orthopedic examination of

10   Keller in April 2013, approximately two years after Keller's date of last insured.  AR

11   959–71.  Dr. Gritzka opined that since the alleged onset date, Keller "has not, on a more

12   probable than not basis, been able to engage in work even at the sedentary level, eight

13   hours a day, five days a week."  AR 966.  Dr. Gritzka further opined "the combination of

14   [Keller's] medical impairments would probably have resulted in absenteeism of more

15   than three days per month on a more probable than not basis."  AR 966–67.  The ALJ

16   gave little weight to Dr. Gritzka's opinion.  AR 39.

17   "There are three types of medical opinions in social security cases: those from

18   treating physicians, examining physicians, and non-examining physicians."  *Valentine*,

19   574 F.3d at 692.  "As a general rule, more weight should be given to the opinion of a

20   treating source than to the opinion of doctors who do not treat the claimant."  *Lester v.*

21   *Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  The ALJ must provide "clear and convincing"

22   reasons for rejecting the uncontradicted opinion of a treating or examining physician.  *Id.*

1  When the evidence in the record contradicts a treating or examining physician's opinion,

2  the ALJ must give "specific and legitimate reasons supported by substantial evidence in

3  the record" for discounting the opinion.  *Id.* (internal quotation marks omitted).  "The

4  ALJ can meet this burden by setting out a detailed and thorough summary of the facts and

5  conflicting clinical evidence, stating his interpretation thereof, and making findings."

6  *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986).

7       The ALJ provided two reasons for discounting Dr. Gritzka's opinion.  First, the

8  ALJ found Dr. Gritzka's opinion was "inconsistent with the clinical findings of medical

9  providers and examiners during the time period at issue."  AR 39.  In reaching this

10  conclusion, the ALJ detailed clinical findings from orthopedic surgeon Dr. Jones,

11  neurologist Dr. Kooiker, and family physician Dr. Little, which showed Keller could sit

12  comfortably, walk with a normal-based gait, stand without difficulty, and had good

13  mobility in her lumbar spine.  *See id.* (citing AR 485–87, 579, 603, 605).  Second, the

14  ALJ found Dr. Gritzka's opinion did not account for medical evidence showing Keller's

15  condition deteriorated after the date of last insured.  *Id.*  The ALJ noted Keller's lumbar

16  flexion was ninety degrees in March 2011.  *Id.* (citing 789).  Two years later during Dr.

17  Gritzka's examination, Keller's lumbar flexion was forty degrees.  AR 964.  Dr. Gritzka

18  nevertheless opined Keller had the same functional limitations from May 2005 through

19  April 2014.   AR 966.

20       These are specific and legitimate reasons supported by substantial evidence for

21  discounting Dr. Gritzka's opinion.  *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d

22  1190, 1195 (9th Cir. 2004) (holding ALJ may discount a medical opinion that is

inconsistent with other medical findings).  Although Keller recounts additional facts in the record, the interpretation of evidence is within the ALJ's purview.  *See Thomas*, 278 F.3d at 954 ("Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld.").  The Court concludes the ALJ did not err.

**B.    Dr. Southwell's Opinions**

Next, Keller argues the ALJ erred in evaluating Dr. Southwell's opinions.  Dkt. 15 at 7–9.  Dr. Southwell is an occupational physician who treated Keller between May 2005 and June 2006.  AR 697, 720.  In May 2005, Dr. Southwell opined that Keller could lift ten pounds and should spend less than two hours sitting, standing, or walking before lying down.  AR 698.  The ALJ gave this opinion little weight because it was not supported by objective findings.  AR 38.  In 2006, Dr. Southwell opined that Keller could not return to her job at injury.  AR 714, 720.  The ALJ gave this opinion little weight because it was not supported by objective findings and was inconsistent with the opinions of Drs. Jones and Kooiker.  AR 38.

Having reviewed the record, the Court finds the ALJ did not err in evaluating Dr. Southwell's opinions.  The ALJ provided specific and legitimate reasons supported by substantial evidence for discounting the doctor's opinions.  As discussed above, the ALJ need not accept the opinion of a physician that is inadequately supported by clinical findings or inconsistent with clinical findings.  *Batson*, 359 F.3d at 1195; *Thomas*, 278 F.3d at 957.

1    Even if the ALJ erred, Dr. Southwell ultimately concluded Keller could return to

2    work.  *See* AR 720 ("[Keller] understands that she is not released to her job at injury, but

3    she will be released to a position which allows for in position as needed, not lifting

4    anything heavier than 10 or 15 pounds.").  This opinion is consistent with the ALJ's

5    determination that Keller could not perform past relevant work, but could perform other

6    work and therefore was "not disabled."  AR 40–41.  Accordingly, any error in assessing

7    Dr. Southwell's opinions is harmless.  *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th

8    Cir. 2012) ("[A]n ALJ's error is harmless where it is inconsequential to the ultimate

9    nondisability determination." (internal quotation marks omitted)).

10   **C.    Claimant's Credibility**

11   Keller also contends the ALJ erred in assessing her credibility.  Dkt. 15 at 10–11.

12   Keller alleged various functional limitations related to her spinal issues, including the

13   inability to stand and sit for long periods of time.  *See, e.g.*, AR 83, 87, 293, 298–99, 305.

14   During the hearing, Keller testified she can stand for about 10 to 15 minutes at a time,

15   and can sit for 25 to 30 minutes at a time.  AR 83.  Keller also testified she lies down at

16   least three times per day for 40 minutes to 3 hours at a time.  AR 87.  The ALJ found

17   Keller's testimony regarding the severity of her symptoms to be not fully credible for six

18   reasons.  AR 37–38.

19   Absent evidence of malingering, the ALJ must provide clear and convincing

20   reasons to reject a claimant's testimony about the severity of her symptoms.  *Lingenfelter*

21   *v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007).  "General findings are insufficient; rather,

22   the ALJ must identify what testimony is not credible and what evidence undermines the

claimant's complaints." *Lester*, 81 F.3d at 834.  "In weighing a claimant's credibility, the ALJ may consider his reputation for truthfulness, inconsistencies either in his testimony or between his testimony and his conduct, his daily activities, his work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains." *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).

The ALJ did not cite any evidence of malingering; therefore, the clear and convincing standard applies.  The Court finds the ALJ provided several clear and convincing reasons for discounting Keller's testimony.  For example, the ALJ determined Keller's allegations were inconsistent with the medical evidence.  AR 37.  The ALJ also noted Keller failed to follow treatment recommendations, and the record evidenced exaggerated symptoms and limitations.  AR 38.  These reasons are supported by substantial evidence in the record, which the ALJ discussed at length.  *See* AR 37–38.  Because the ALJ provided legally sufficient reasons for discounting Keller's testimony, the ALJ did not err.

**D.     Husband's Testimony**

Finally, Keller argues the ALJ did not provide a germane reason for rejecting the written statements from her husband, Lonnie Keller ("Mr. Keller").  Dkt. 15 at 9–10.  Lay witness testimony regarding a claimant's symptoms "is competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so."  *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).  In rejecting lay testimony, the ALJ need not cite to the

1    specific record as long as "arguably germane reasons" for dismissing the testimony are

2    noted and substantial evidence supports the ALJ's decision.  *Id.* at 512.

3           Mr. Keller provided two written statements in August 2011 and March 2013.  AR

4    248–55, 308–10.  In both statements, Mr. Keller reported his wife needed to constantly

5    change positions and lie down throughout the day.  AR 248, 252, 308.  The ALJ rejected

6    Mr. Keller's statements because they were inconsistent with the medical evidence in the

7    record.  AR 39–40.  Inconsistency with medical evidence is a germane reason for

8    discrediting the testimony of a lay witness.  *Bayliss*, 427 F.3d at 1218.  Although the ALJ

9    did not repeat her discussion of the medical evidence when addressing Mr. Keller's

10   statements, AR 39–40, the ALJ discussed the medical evidence at length earlier in her

11   decision.  *See* AR 33–39.  Because substantial evidence supports the ALJ's finding, the

12   Court concludes the ALJ did not err.

13          Even if the ALJ erred in discounting Mr. Keller's statements, the error was

14   harmless.  Mr. Keller did not describe any limitations beyond those described by Keller.

15   *Compare* AR 83 & 87, *with* AR 248–55 & 308–09.  As discussed above, the ALJ

16   provided clear and convincing reasons for rejecting Keller's testimony about her

17   limitations.  Because Mr. Keller's statements do not alter the ultimate nondisability

18   determination, the ALJ's error was harmless.  *See Molina*, 674 F.3d at 1122 ("Because

19   the ALJ had validly rejected all the limitations described by the lay witnesses in

20   discussing [the claimant's] testimony . . . the ALJ's failure to give specific witness-by-

21   witness reasons for rejecting the lay testimony did not alter the ultimate nondisability

22   determination.  Accordingly, the ALJ's error was harmless.").

1  **E.    Residual Functional Capacity**

2      Finally, Keller argues the ALJ's residual functional capacity determination is

3  erroneous based on the errors asserted above.  Dkt. 15 at 11–12.  Because this argument

4  depends on Keller's other assertions of error, the Court concludes the ALJ did not err in

5  evaluating Keller's residual functional capacity.

6                                    **VIII. ORDER**

7      Therefore, it is hereby **ORDERED** that the Commissioner's final decision

8  denying Keller disability benefits is **AFFIRMED**.

9      Dated this 10th day of December, 2015.

10

11

12                                    BENJAMIN H. SETTLE
                                      United States District Judge

13

14

15

16

17

18

19

20

21

22